UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9255 ABC<br>CR 94-0563 ABC | Date | April 19, 2010 |
|---|---|---|---|

| Title | Markham D. Bond v. S.A. Holencik, Warden |
|---|---|

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs:<br>None | | Attorneys Present for Defendants:<br>None |

**Proceedings:** ORDER Denying Petitioner's Motion Pursuant to 28 U.S.C. § 2241 (In Chambers)

On December 17, 2009, Petitioner filed a petition with this Court pursuant to 28 U.S.C. § 2241, challenging his conviction of, inter alia, a count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Petitioner has a long history of petitions before this Court, following his conviction on September 22, 1994, on two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and two counts of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner was sentenced to 562 months incarceration and eight years supervised release. On appeal, the Ninth Circuit affirmed Petitioner's conviction.

On September 22, 1997, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, in which he argued in part that his robbery conviction must be set aside because the money he stole did not belong to a federally insured bank. This Court denied the petition on March 3, 1998. Both this Court and the Ninth Circuit denied Petitioner's subsequent motion for reconsideration and request for a certificate of appealability. On June 7, 1999, the United States Supreme Court denied his petition for writ of certiorari.

On July 29, 1999, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, which the Court denied on October 6, 1999. On February 1, 2001, Petitioner applied to the Ninth Circuit to file a successive § 2255 petition, which that court denied. Petitioner filed a second petition under § 2241 on July 11, 2001, again raising his argument that the money he stole did not belong to a federally insured bank. The Court denied it, concluding that it was a successive § 2255 petition filed without authorization.

On January 31, 2003, Petitioner filed another petition pursuant to § 2255. Although labeled as a challenge to the Court's jurisdiction, the Court construed it as a successive § 2255 and denied it. At that time, the Court ordered Petitioner not to file any further § 2241 or § 2255 petitions with the Court without Ninth Circuit authorization. The Court also denied Petitioner's request for a certificate of appealability, as did the Ninth Circuit, and the Supreme Court denied his petition for writ of certiorari

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9255 ABC<br>CR 94-0563 ABC | Date | April 19, 2010 |
|---|---|---|---|

| Title | Markham D. Bond v. S.A. Holencik, Warden |
|---|---|

on October 14, 2003.

     In 2004 and 2005, Petitioner filed three applications with the Ninth Circuit to file second or successive petitions, all of which were denied.

     On March 28, 2006, Petitioner returned to this Court and filed another § 2255 petition, which the Court denied as second or successive and filed without authorization. The Court also denied his request for a certificate of appealability. Petitioner sought a certificate of appealability from the Ninth Circuit, but that court denied that request and denied Petitioner's motion for reconsideration. On June 28, 2007, Petitioner filed yet another application with the Ninth Circuit for leave to file a second or successive § 2255 petition, which was denied. Then on May 15, 2009, Petitioner filed one more application with the Ninth Circuit for leave to file a second or successive § 2255 petition, which was denied.

     He filed the instant petition under § 2241 on December 17, 2009 to claim his actual innocence of count 5 because the bank he was accused of taking money from was not federally insured at the time of the robbery, as required for a conviction of 18 U.S.C. § 2113(a) and (d).

     The current petition must be treated as a § 2255 petition because Petitioner is not attacking the manner, location, or conditions of confinement. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Rather, he is seeking to "test the legality of detention" by challenging the jurisdictional basis for count 5 in the indictment. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of the detention."); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (holding that generally "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241."). Because he has filed multiple prior § 2255 petitions, the instant petition is second or successive and barred unless Petitioner obtains authorization from the Ninth Circuit to file it. 28 U.S.C. §§ 2244(b), 2255(h). He has not done so.

     Section 2255 contains an escape hatch, however, which may permit a petition under § 2241 when the remedy under § 2255 is "'inadequate or ineffective to test the legality of his detention.'" Hernandez, 204 F.3d at 865. The escape hatch of § 2255 cannot be invoked merely because § 2255 relief is procedurally unavailable because the § 2255 is barred under § 2244(b) as second or successive. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) ("[T]he dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy."); see also Lorentsen, 223 F.3d at 953 (stating that Moore "establishes a baseline rule that § 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255."). The escape hatch can be invoked to present a claim of "actual innocence," but only when two conditions are satisfied: the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006); see also Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9255 ABC<br>CR 94-0563 ABC | Date | April 19, 2010 |
|---|---|---|---|

| Title | Markham D. Bond v. S.A. Holencik, Warden |
|---|---|

2003) (same).  Petitioner here cannot demonstrate he lacked a prior "unobstructed procedural shot" at presenting his current claim, and therefore the escape hatch in § 2255 does not apply.[1]

In determining whether a petitioner had an "unobstructed procedural shot" at raising a claim, the Court considers: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after the first § 2255 motion."  Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (citing Ivy, 328 F.3d at 1060–61).  In Ivy, the court rejected the petitioner's invocation of the § 2255 "actual innocence" escape hatch because the petitioner had prior "unobstructed procedural shots" at presenting his defective-indictment claims by raising them at any time prior to or during trial, on direct appeal, or in his prior § 2255 petition.  328 F.3d at 1060.  In contrast, in Stephens, the court determined that the petitioner had not had an "unobstructed procedural shot" to present his claim because the Supreme Court had not decided the case on which the petitioner's claim rested until eight years after the denial of petitioner's initial § 2255 petition.  464 F.3d at 898.

In this case, Petitioner seeks to take advantage of the escape hatch in § 2255 not by claiming any change in the law that might benefit him, but by claiming only actual innocence of count 5 for the lack of evidence that the bank he was accused of taking money from was federally insured at the time of the robbery, as required for a conviction of 18 U.S.C. § 2113(a) and (d).  The Ninth Circuit has suggested that an attack on the federal insurance status of a bank could be considered a claim of actual innocence.  See United States v. Ratigan, 351 F.3d 957, 965 (9th Cir. 2003) (refusing to ignore procedural default based on actual innocence claim because petitioner's attack on conviction under § 2113 was directed at sufficiency of evidence, although he might have "attempted to show that he is actually innocent in the sense that the branch of the U.S. Bank he victimized was not federally insured on the date of his crimes.").  However, Petitioner cannot show that he lacked an "unobstructed procedural shot" at presenting this claim before now.  As in Ivy, he offers no reason why he could not have raised his claim anytime after the indictment was filed, before trial, on direct appeal, or in his prior § 2255 petitions.  In fact, he raised a similar claim in his September 2, 1997 § 2255 petition and again in his July 11, 2001 § 2241 petition.  Because he had several procedural shots at raising this claim but he failed to do so, § 2255 does not provide an inadequate or ineffective remedy to allow Petitioner to proceed under § 2241.

Thus, because Petitioner's § 2241 petition must be treated as a second or successive § 2255 petition and he has not sought permission from the Ninth Circuit to file it, the Court had no jurisdiction

---

[1] Since Petitioner cannot show the lack of an "unobstructed procedural shot" at presenting his claims, the Court need not decide whether his claims of actual innocence have merit.  See Ivy, 328 F.3d at 1061 ("To the extent that Ivy may have a viable claim of innocence, something we do not decide, he has not been denied an unobstructed procedural opportunity to present it.  For that reason, § 2255 does not provide an inadequate or ineffective remedy.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9255 ABC<br>CR 94-0563 ABC | Date | April 19, 2010 |
|---|---|---|---|

| Title | Markham D. Bond v. S.A. Holencik, Warden |
|---|---|

to entertain it and it must be DISMISSED.[2]  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("The district court correctly recognized that Cooper's petition was 'second or successive' under Section 2244(b).  Once it did so, however, it lacked jurisdiction to consider the merits of his petition.").

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | AB |  |

---

[2] The Court DENIES Petitioner's request for an evidentiary hearing.